**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 22 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-30235 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-00137-DCN-1 |
| v. | |
| DONAVAN LEE GOMEZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, District Judge, Presiding

Submitted August 19, 2019**

Before:     SCHROEDER, PAEZ, and HURWITZ, Circuit Judges.

Donovan Lee Gomez appeals from the district court's judgment and

challenges the 46-month sentence imposed following his guilty-plea conviction for

unlawful possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

        *       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Gomez contends that the district court erred by applying a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for possessing a firearm in connection with another felony offense. We review the district court's factual findings for clear error, and its application of the Guidelines to the facts of a given case for abuse of discretion. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc). The record reflects that law enforcement located a firearm in close proximity to a safe containing multiple controlled substances that Gomez's girlfriend admitted to possessing with intent to sell. The record further reflects that Gomez provided the funds to purchase both the firearm and the controlled substances and served as a liaison between his girlfriend and the drug supplier. Accordingly, the district court did not abuse its discretion in concluding by a preponderance of the evidence that Gomez's possession of the firearm had the potential of facilitating another felony offense. *See* U.S.S.G. § 2K2.1 cmt. n.14(B); *United States v. Chadwell*, 798 F.3d 910, 916-17 (9th Cir. 2015). Moreover, contrary to Gomez's contention, the district court did not err by relying on uncontested factual assertions in the presentence report to conclude that the enhancement applied. *See* Fed. R. Crim. P. 32(i)(3)(A); *United States v. Snipe*, 515 F.3d 947, 955 (9th Cir. 2008).

**AFFIRMED.**

18-30235